*Attachment 8*



# United States Department of the Interior

BUREAU OF INDIAN AFFAIRS
Anadarko Agency
P.O. Box 309
Anadarko, Oklahoma 73005



Real Prop. Mgmt
Acq. & Disp.

DEC 21

<u>CERTIFIED MAIL - RETURN RECEIPT REQUESTED</u>

Thompson Associates, Inc.
Mr. Phillip E. Thompson, Attorney-at-Law
2307 Thornknoll Drive, Suite 100
Fort Washington, Maryland 20744

Dear Mr. Thompson:

This letter will serve notice that this Agency has made the decision to approve the Fort Sill Apache Tribe of Oklahoma's negotiated sale with the Kerchee family. The Negotiated Sales are for the following properties:

1. E½SE¼NW¼, E½E½W½SE¼NW¼, E½E½SW¼NE¼NW¼, E½SE¼NW¼SE¼NW¼, W½SE¼NE¼NW¼, W½E½SE¼NE¼NW¼ of Section 33, Township 2 North, Range 11 West of the Indian Meridian and a parcel of land described as beginning at the Northeast Corner of the NW¼ of the Section 33, Township 2 North, Range 11 West of the Indian Meridian, thence South 330 feet; thence West 200 feet to the point of beginning, thence West 130 feet, thence South 330 feet, thence East 130 feet, thence North 330 feet to the point of beginning, containing 0.985 acre, more or less, for a combined total of 37.235 acres; and the E½NE¼NW¼NE¼NW¼ of Section 33, Township 2 North, Range 11 West of the Indian Meridian and a tract of land described as beginning 200 feet West of the Northeast Corner of the NW¼ of Section 33, Township 2 North, Range 11 West of the Indian Meridian, thence West 130 feet, thence South 330 feet, thence East 130 feet, thence North 330 feet, containing 0.985 acre, more or less, for a combined total of 2.235 acres, more or less. Total combined acreage for the above two tracts is 39.27 acres, more or less, part of the original allotment of Charlie Kerchee, Comanche 2329.

2. E½E½W½E½SW¼, W½W½E½E½SW¼, W½E½W½E½E½SW¼ of Section 33, Township 2 North, Range 11 West of the Indian Meridian, containing 25 acres, more or less, part of the original allotment of Kiyou, Comanche 2331.

The above cited parcels of the original allotment of Charlie Kerchee, Comanche Allottee No. 2329 and Kiyou, Comanche 2331, contain a combined total of 64.27 acres, more or less. Ms. Lorene Pewewardy, Ms. Betty Crocker, Mr. Walter Kerchee, Ms. Berdina Lopez, Mr. Melvin Kerchee, Sr., and Ms. Belva Lopez may now negotiate a final sale amount with the Fort Sill Apache Tribe of Oklahoma, but not for less than the appraised value. Payment may be made by

cashier's check or money order, made payable to the Bureau of Indian Affairs, P.O. Box 309, Anadarko, Oklahoma 73005. A separate check or money order will be needed for each allotment. On one check or money order, please include the notation "negotiated land sale on Comanche 2329" and on the other "negotiated land sale on Comanche 2331". Enclosed is an ACH Vendor Payment System Payment Information Form which the Tribe will need to complete and submit with their payments.

As soon as the payments are received for the above properties, a negotiated land sale deed will be prepared for each co-owner.

In reaching this determination, this Agency has considered the application submitted by the Fort Sill Apache Tribe; the Comanche Tribe's revised comments submitted to the Bureau of Indian Affairs, Anadarko Agency, regarding consideration of applications by the Fort Sill Apache Tribe of Oklahoma to acquire in trust original Comanche Allotments; and the Fort Sill Apache Tribe of Oklahoma's comments submitted to the BIA, Anadarko Agency, regarding consideration of the applications to acquire trust allotments and their response to the Comanche Tribe's revised comments of December 21, 2000. In addition, this Agency has considered the federal regulations governing Land Acquisitions, at 25 U.S. Code of Federal Regulations (CFR), Part 151.

This acquisition is analyzed specifically under 25 CFR, Part 151.10. Contrary to comments of the Comanche Tribe, the consent of the Comanche Tribe is not required pursuant to 25 CFR, Part 151.8. That provision applies where a tribe seeks to acquire land in trust status on a reservation other than its own. The Secretary of the Interior has previously determined that any trust acquisition on the former reservation of the Kiowa, Comanche and Apache Tribes of Oklahoma (KCA) by the KCA Tribes or the Fort Sill Apache Tribe is not "on another tribe's reservation." Accordingly, there is no need for any of the four tribes to seek the consent of the others in order to acquire land in trust within the former KCA reservation. This position was articulated in an Opinion Memorandum from Robert T. Anderson, Associate Solicitor for Indian Affairs, dated March 29, 1996. The Department subsequently approved an acquisition for the Fort Sill Apache Tribe on the KCA reservation, despite lack of consent from the Comanche Tribe. See Letter from Hilda Manuel, Deputy Commissioner of Indian Affairs, dated April 11, 1996. On April 2, 1999, the Acting Regional Director, Southern Plains Regional Office, approved the land acquisition between Robert Rowell and the United States of America in trust for the Fort Sill Apache Tribe of Oklahoma, in accordance with the provisions of the Act of June 18, 1934 (48 Stat. 984).

The Comanche Tribe contends the Department's position was repudiated by the Tenth Circuit Court of Appeals in its decision in Citizen Band of Potawatomi Indians v. Collier, 142 F.3d 1325 (10th Cir. 1998). The Department has previously rejected this contention. In an Opinion Memorandum dated November 20, 1997, George Skibine, Acting Associate Solicitor for the Division of Indian Affairs, addressed the holding in the underlying unpublished decision, Citizen Band of Potawatomi Indians v. Collier, No. CIV-92-2161-R (W.D. Okla. May 22, 1996). The Office of the Solicitor concluded that the Potawatomi case is based on a unique set of facts that is very different from that which applies to the Fort Sill Apache Tribe's settlement on the former KCA reservation. In contrast to Potawatomi, wherein the court found the Absentee Shawnee Tribe had no interest in the Potawatomi reservation, the KCA Tribes had considered and agreed to settlement of other tribes on their reservation.

The transfer of trust property from an individual Indian to a tribe is categorically excluded from the assessment requirements of the National Environmental Policy Act. See Departmental Manual, 516 DM 2 and Appendices 1 and 4. Similarly, there is no violation of the National Historic Preservation Act where property is merely being transferred from individual to tribal trust. This Agency finds that the acquisition of the land by the Tribe is necessary to facilitate tribal self-determination. Although there may be jurisdictional conflicts, as contended by the Comanche Tribe, those conflicts are inherent in the shared governance among four tribes of the former KCA reservation. None of the four tribes would be able to acquire tribal lands if such potential conflicts were reason enough to deny an acquisition. This Agency finds no merit in the objections raised by the Comanche Tribe.

You are hereby advised of your right to appeal as provided in 25 Code of Federal Regulations (CFR) Part 2, Appeals from Administrative Actions. This decision may be appealed to the Regional Director, Southern Plains Regional Office, P.O. Box 368, Anadarko, Oklahoma 73005, in accordance with the regulations in 25 CFR Part 2 (copy enclosed). Your notice of appeal must be filed in this office within 30 days of the date you receive this decision. A copy of this letter will serve notice to all interested parties listed on the enclosed Listing of Interested Parties.

I hereby certify that I have mailed a copy of this letter to all persons listed on the enclosed distribution.

Sincerely,

*Betty B. Tippeconnic*
Superintendent

Enclosure(s)