*Attachment   16*

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. FORT SILL APACHE TRIBE<br>   OF OKLAHOMA,<br><br>           Plaintiff,<br><br>vs.<br><br>1. UNITED STATES OF AMERICA;<br>2. UNITED STATES DEPARTMENT<br>   OF THE INTERIOR;<br>3. DIRK KEMPTHORNE, SECRETARY;<br>4. CARL ARTMAN, ASSISTANT<br>   SECRETARY FOR INDIAN AFFAIRS;<br>5. DAN DEERINWATER, DIRECTOR,<br>   SOUTHERN PLAINS REGION,<br>   BUREAU OF INDIAN AFFAIRS<br>6. BETTY TIPPECONNIE, AREA<br>   SUPERINTENDENT, ANADARKO,<br>   BUREAU OF INDIAN AFFAIRS<br><br>           Defendants. | Case No. |

**VERIFIED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF**

**INTRODUCTION**

This is an action for injunctive and declaratory relief against the United States and officials of the United States Department of the Interior ("the Department") and its Bureau of Indian Affairs ("BIA") acting in their official capacity. The Fort Sill Apache Tribe of Oklahoma ("Plaintiff" or "the Tribe") seeks to prohibit and restrain Defendants from interference in a lease agreement between the Tribe and owners of certain allotted trust land adjacent to the Fort Sill Apache Casino which is taking place in violation of multiple and fundamental leasing regulations of the Department's Bureau of Indian Affairs, and is subjecting the Tribe to substantial and irreparable economic injury.

The Tribe, by and through undersigned counsel, and upon the personal knowledge of Tribal Chairperson Jeff Houser as to the allegations with respect to factual matters and the contents of documents alleged herein, and upon information and belief as to all other matters, alleges the following in support of its Complaint:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to the Administrative Procedure Act, 5 U.S.C. §§ 702 and 706; and 28 U.S.C. §§ 1331, 1337, 1361, 1362, 2201, and 2202.

2. The matter is subject to judicial review pursuant to the Administrative Procedure Act, in that final agency action has taken place, and there is no administrative action possible to remedy substantial and irreparable economic harm attributable to conduct on the part of officials of the Department of the Interior and its Bureau of Indian Affairs that has been arbitrary, capricious, and otherwise in violation of the laws of the United States.

3. Venue lies pursuant to 28 U.S.C. 1391(e)(2), in that a substantial part of the events giving rise to the claims occurred in this judicial district, and the property that is the subject of the action is situated in this judicial district.

## **PARTIES**

4. Plaintiff Fort Sill Apache Tribe of Oklahoma is a federally recognized Tribe acknowledged as such in the Federal Register pursuant to Section 104 of the Act of November 2, 1994, Pub. L. 103-454; 108 Stat. 4791, 4791.

5. Defendant United States of America is organized under the Constitution and laws of the United States.

6. Defendant United States Department of the Interior ("the Department") is an administrative agency of the United States charged with ultimate responsibility for administering trust and other relationships involving the United States and American Indian Tribes.

7. Defendant Dirk Kempthorne is the Secretary and Chief Executive Officer of the Department, and as such has ultimate responsibility for managing the operations of the Department and its Bureau of Indian Affairs.  Defendant Kempthorne is named in his official capacity.

8. Defendant Carl Artman is the Department's Assistant Secretary for Indian Affairs, and as such heads its Bureau of Indian Affairs ("BIA"), which bears primary responsibility for managing trust and other relationships involving the United States and American Indian Tribes.  Defendant Artman is named in his official capacity.

9. Defendant Dan Deerinwater is Director of the BIA's Southern Plains Region, and as such is responsible for administering trust and other relationships involving the United States and American Indian Tribes in western Oklahoma, including the Fort Sill Apache Tribe.  Defendant Deerinwater is named in his official capacity.

10. Defendant Betty Tippeconnie is Area Superintendent for the BIA's Anadarko Agency Office, and as such is responsible for administering trust and other relationships involving the United States and American Indian Tribes within the jurisdiction of the Anadarko Agency, including the Fort Sill Apache Tribe.  Defendant Tippeconnie is named in her official capacity.

## **GENERAL ALLEGATIONS**

11.  In 2001, the Tribe entered an agreement with six owners ("the Kerchee Family") of an undivided interest in Charlie Kerchee Allotment 2329 (or "the Allotment") for purchase of a part of the Allotment, namely, certain lands adjacent to the Fort Sill Apache Casino in Lawton, Oklahoma.

12.  The Tribe paid the Kerchee Family $160,000 in earnest money in connection with the purchase agreement.  On or about December 21, 2001, the BIA approved the purchase agreement between the Tribe and the Kerchee Family.  (Attachment hereto, Enclosure (2)).

13.  The purchase agreement between the Tribe and the Kerchee Family has not been completed due to continuing action on the part of Defendants, nor has the earnest money ever been repaid to the Tribe.

14.  As a result of continuing delay in completing the purchase, the Plaintiffs entered a lease agreement ("Lease Agreement") with the Kerchee Family for 39 acres of the Allotment.  The Lease Agreement called for monthly payments to each of the six members of the Kerchee Family and was to run for a period of five years, terminating on or about October 31, 2008.  (Attachment, Enclosure 3).

15.  The Tribe has made all payments prescribed by the Lease Agreement with the members of the Kerchee Family.  (Attachment, Enclosure 4).

16.  In May 2005, after one of the Kerchee Family members died, Defendant Tippeconnie on her own initiative directed the Tribe's Chairperson to forward a monthly check payable to the Anadarko Agency as trustee for the decedent's estate. (Attachment, Enclosures 5 and 6).

17. This and other conduct on the part of officials at the BIA's Anadarko Agency Office, including Defendant Tippeconnie, indicated that Defendants approved the Tribe's Lease Agreement with the Kerchee Family pursuant to applicable regulatory authority.

18. In August 2007, the Tribe began construction on its trust and fee lands located adjacent to the Allotment, and thereafter devoted a portion of the property subject to the Lease Agreement to customer parking for the Fort Sill Apache Casino, a use which is specifically authorized by the Lease Agreement. (Attachment, Enclosure 3).

19. Parking spaces located on the leased property represent more than 40% of the parking available at the Fort Sill Apache Casino, and are therefore vital to the Tribe's ability to attract patrons and so derive maximum revenue from its business operations.

20. By letter to the Tribal Chairperson dated August 29, 2007 and entitled "Trespass Notice", the Deputy Superintendent of the Anadarko Agency purported to give notice of trespass, find the Tribe in breach of the Lease Agreement, and declare the Lease Agreement to be "null and void." The Deputy Superintendent also informed the Tribal Chairman that "[t]respass notices are not subject to appeal under 25 C.F.R., part 2." (Attachment, Enclosure 1).

21. The Tribe nonetheless attempted an appeal to the Area Superintendent, Defendant Tippeconnie: On or about September 25, 2007, the Tribal Chairperson forwarded a "Notice of Appeal and Statement of Reasons Regarding Termination of Lease." (Attachment).

22. On or about December 5, 2007, the Anadarko Agency transmitted a letter purporting to furnish the Tribe "final notice" of trespass with respect to the lands subject to the Lease Agreement. The letter made no mention of the Tribe's Notice of Appeal of

September 25, 2007, and reiterated that a notice of trespass is not subject to appeal.

23. The "final notice" dated December 5, 2007 represents final agency action for purposes of judicial review pursuant to the Administrative Procedure Act.

24. Defendants' failure to acknowledge or otherwise address the Tribe's Notice of Appeal of September 25, 2007 also makes clear the impossibility of any meaningful administrative remedy for substantial and irreparable economic harm attributable to loss of 40% of parking area for the Fort Sill Apache Casino through the Lease Agreement term expiring October 31, 2008.

25. Final agency action declaring the Tribe's Lease Agreement with the Kerchee Family to be "null and void" took place in the absence of multiple and fundamental leasing regulations prescribed by and binding upon the Department and its Bureau of Indian Affairs:

    a. If the BIA determines that a tenant is in violation of a lease term, a "Notice of Violation" must issue setting out the nature and extent of the violation (25 C.F.R. §162.618(a)). A tenant may then either dispute or cure the violation. (25 C.F.R. §162.618(b);

    b. If the BIA acts to terminate a lease, it must send a cancellation letter explaining the grounds for cancellation; notify the tenant of any unpaid rents; notify the tenant of its right to appeal under 25 C.F.R. Part 2; and order the tenant to vacate the property.  (25 C.F.R. § 162.618( c)).

26. Defendants failure to adhere to any of the foregoing regulatory requirements before final agency action declaring the Tribe's Lease Agreement with the Kerchee Family to be null and void subjects the Tribe to substantial and irreparable economic

harm.

27. Upon information and belief, the Tribe will suffer irreparable economic harm in excess of 4.9 Million Dollars if it is denied access to more than 40% of the parking area for the Fort Sill Apache Casino for the balance of the Lease Agreement term expiring October 31, 2008.

## CLAIMS

28. Plaintiff incorporates herein by reference paragraphs 1 through 27.

29. Defendants' determination that the Tribe was in trespass on property subject to the Lease Agreement was in violation of multiple and fundamental leasing regulations prescribed by and binding upon the Department's Bureau of Indian Affairs, and therefore arbitrary, capricious, and an abuse of discretion in violation of the laws of the United States.

30. Defendants' determination that the Lease Agreement was null and void was in violation of multiple and fundamental leasing regulations prescribed by, and binding upon the Department's Bureau of Indian Affairs, and therefore arbitrary, capricious, and an abuse of discretion in violation of the laws of the United States.

## PRAYER FOR RELIEF

WHEREFORE, the Fort Sill Apache Tribe of Oklahoma respectfully prays that this Court:

A. Declare Defendants' determination that the Tribe was in trespass on property subject to the Lease Agreement to be arbitrary, capricious and an abuse of discretion in violation of the laws of the United States;

B.  Declare Defendants' determination that the Lease Agreement was null and void to be arbitrary, capricious and an abuse of discretion in violation of the laws of the United States;

C.  Declare the Lease Agreement to be in full force and effect until and unless Defendants adhere to each of the leasing regulations prescribed by, and binding upon the Department's Bureau of Indian Affairs;

D.  Enjoin Defendants from interfering with the Lease Agreement absent adherence to leasing regulations prescribed by, and binding upon the Department's Bureau of Indian Affairs.

E.  Grant such additional relief as the Court may deem just and proper.

Respectfully submitted this 21st day of May, 2008.

/s/ Robert E. Prince
Robert E. Prince, OBA No. 7316
Carter & Prince
632 "D" Avenue
Lawton, Oklahoma  73501
Telephone:  580.248.8015
Facsimile:   580.353.6888
Email: lawyers2@sbcglobal.net


/s/ Richard J. Grellner
Richard J. Grellner, OBA No. 15521
Law Office of Richard J. Grellner
439 NW 18th St
Oklahoma City, OK 73103
Telephone:  405-602-0384
Facsimile: 405-602-0990
Email: rjgrellner@hotmail.com

Attorneys for Fort Sill Apache
 Tribe of Oklahoma

## VERIFICATION OF COMPLAINT

I declare under penalty of perjury that the foregoing is true and correct.   Executed on May 21, 2008.

 /s/ Jeff Houser
Jeff Houser, Chairperson
Fort Sill Apache Tribe of Oklahoma