# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BELVA ANN NAHNO-LOPEZ, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Case No. CIV-08-1147-F ) |
| JEFF HOUSER, et al., | ) ) ) |
| Defendants. | ) |

## ORDER

Defendants have moved for summary judgment (doc. no. 25) on all remaining claims in this action. The remaining claims are brought by the Kerchee Plaintiffs, who allege that they have been denied access to an allotment in violation of 25 U.S.C. §345 (count two), and by the Kerchee Plaintiffs and the Pence Plaintiffs alleging trespass (count seven). Defendants are six tribal officials of the Fort Sill Apache Tribe. The manager of the Fort Sill Apache Tribe Casino is also a defendant. Originally, the casino was named as a defendant but the casino has been dismissed by the court.

### Background

Defendants' motion sets out undisputed material facts which, if they remain uncontroverted, the court has previously held establish defendants' entitlement to summary judgment. (Order, doc. no. 28.) As stated in the court's order of July 24, 2009:

> The claims in this action were considerably narrowed as a result of this court's order of May 20, 2009, which dismissed a number of claims. (Doc. no. 22.) The motion for summary judgment is brought by all remaining defendants and challenges all remaining claims. The motion presents 57 separately numbered undisputed facts in support of summary judgment. These undisputed facts are supported by record evidence.

> The uncontroverted motion and briefing establishes that defendants are entitled to judgment in their favor, on the remaining claims, for each of the following reasons. First, there are no genuine issues of material fact for trial. Second, defendants are entitled to sovereign immunity. Third, defendants are entitled to qualified immunity. Fourth, uncontroverted facts show that defendants are entitled to summary judgment on the Kerchee Plaintiffs' common law claim because it is undisputed the Kerchee Plaintiffs gave consent to the Tribe to make use of the property in question.

The above order was entered based on defendants' well supported motion and the fact that plaintiffs failed to file a response brief and thus failed to controvert any of the undisputed material facts set out in defendants' motion. This order was later vacated on motion by plaintiffs so that plaintiffs, whose counsel had inadvertently failed to respond to the motion due to a mix-up between plaintiffs' counsel, could file a response brief. That response brief has now been filed. (Doc. no. 36). Defendants have filed a reply arguing that the response brief does not comply with the local rules in important particulars and that the response brief leaves defendants' original statement of undisputed material facts almost entirely uncontroverted.

### Standards

Under Rule 56(c), Fed. R. Civ. P., summary judgment shall be granted if the record shows that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." The moving party has the burden of showing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). A genuine issue of material fact exists when "there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). In determining whether a genuine issue of a material fact exists, the evidence is to be taken in the light most favorable to the non-moving party. Adickes v. S.H. Kress & Co., 398 U.S.

144, 157 (1970). All reasonable inferences to be drawn from the undisputed facts are to be determined in a light most favorable to the non-movant. United States v. Agri Services, Inc., 81 F.3d 1002, 1005 (10th Cir. 1996). Once the moving party has met its burden, the opposing party must come forward with specific evidence, not mere allegations or denials, demonstrating that there is a genuine issue for trial. Posey v. Skyline Corp., 702 F.2d 102, 105 (7th Cir. 1983).

Discussion

Defendants are correct that the response brief fails to comply with the local rules. In violation of the rules, the response brief does not begin with a section that contains a concise statement of material facts to which the plaintiffs assert genuine issues of fact exist. *See*, LCvR56.1(c). Also, the response brief does not refer with particularity to each fact in dispute; nor does it refer with particularity to those portions of the record upon which plaintiff relies; and it does not identify, by number, which of the movants' facts are disputed. *Id*. These are important requirements intended to help the district court crystalize the material facts and relevant portions of the record. *See*, Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner, 101 F.3d 145, 151 (D.C. Cir. 1996) (discussing an analogous local rule).

Moreover, this is complicated litigation: there are two sets of plaintiffs; the complaint includes over eighty numbered paragraphs and a variety of counts and claims for relief; there are a number of defendants; the court has previously entered a 26-page order on jurisdictional issues; and, as previously noted, an earlier order on summary judgment has been entered and vacated in order to give plaintiffs a second opportunity to respond to the motion for summary judgment. In these circumstances, the court would be well within its discretion to simply disregard the response brief in its entirety. The court has not done so, however, choosing, instead to review the response brief to determine whether any part of the brief controverts, *with evidence*,

any of defendants' material facts or whether plaintiffs make any legal arguments that make summary judgment inappropriate here.

Despite plaintiffs' own "Statement of Undisputed Facts," defendants' statement of facts remains uncontroverted in all ways that are material to the claims in this action. Of the fifty numbered paragraphs set out in plaintiffs' statement of facts, only four (¶ ¶ 35, 38, 39 and 43) cite any supporting evidence. This evidence does not fully support the contentions for which it is cited and these particular contentions do not, in and of themselves, controvert the material facts which entitle defendants to summary judgment. Plaintiffs' response brief also purports to incorporate by reference plaintiffs' brief in response to defendants' motion to dismiss (doc. no. 19) as well as "each and every allegation and exhibit(s) attached thereto to their original complaint filed herein." (Doc. no. 1.) These documents do not include any evidence, however.

In these circumstances it is appropriate to deem defendants' statement of material facts admitted and the court does so. *See*, LCvR56.1(c) ("All material facts set forth in the statement of the material facts of the movant may be deemed admitted for the purpose of summary judgment unless specifically controverted by the statement of material facts of the opposing party.")

In addition to looking for any controverting evidence in plaintiffs' briefing, the court has considered, as previously stated, whether plaintiffs have made any purely legal arguments that would make summary judgment inappropriate at this stage. They have not.

For example, plaintiffs argue that defendants cannot rely on the doctrine of sovereign immunity. Defendants, however, have produced uncontroverted evidence showing that each of the defendants acted only within the scope of his or her lawful authority as a member of the tribe's business committee (and, in Mr. Houser's case,

also as chairperson of the Tribe, and in Mr. Nott's case, within Mr. Nott's capacity as manager of the Fort Sill Apache Casino and as an employee within the supervision, direction and control of the tribe's business committee).  In Imperial Granite Co. v. Pala Band of Mission Indians, 940 F.2d 1269, 1272 (9th Cir. 1991), the district court dismissed a complaint brought by the granite company which alleged violation of company's constitutional rights, the Indian Civil Rights Act, and state laws regarding trespass and nuisance.  The Ninth Circuit upheld the dismissal, concluding that the defendants were entitled to share the tribe's sovereign immunity where there were no allegations that tribal official defendants acted beyond the scope of their lawful authority.  Similarly here, where there is no evidence that any of the defendants acted beyond the scope of their lawful authority for the tribe, defendants are entitled to share the tribe's sovereign immunity.  Thus, plaintiffs' challenge to defendants' sovereign immunity argument is not a challenge that defeats summary judgment.

Plaintiffs also argue that defendants have not established their qualified immunity defense.  Where the defense of qualified immunity is asserted in a summary judgment context, the burden shifts to the plaintiff to meet a two-part standard which requires plaintiff to demonstrate that a defendant's actions violated a constitutional or statutory right and that the constitutional or statutory rights the defendant allegedly violated were clearly established at the time of the conduct in issue.  Saucier v. Katz, 533 U.S. 194 (2001) as elaborated upon in Pearson v. Callahan, 129 S. Ct. 808, 815-16, 818 (2009) (courts need not necessarily determine these two issues in any rigid sequence).  Here, given the uncontroverted evidence regarding defendants' actions, plaintiffs have not identified evidence of any actions by the defendants which arguably violated a constitutional or statutory right.  Plaintiffs also have not shown that defendants' uncontroverted actions violated rights that were clearly established at the time.  Accordingly, plaintiffs have not met their burden with respect to

defendants' qualified immunity defense, and plaintiffs' challenge to defendants' qualified immunity argument does not show that defendants are not entitled to qualified immunity.

Finally, uncontroverted facts show that the Kerchee Plaintiffs gave consent to the Tribe to make use of the property in question.

In summary, the Federal Rules of Civil Procedure and the local rules of this court require non-movants to come forward with evidence in response to a properly supported motion. *See*, *e.g.*, Rule 56(c), Fed. R. Civ. P. ("The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.")  In response to this obligation, plaintiffs have marshaled very little evidence, and they have not controverted any material facts.  Nor have plaintiffs presented any purely legal arguments that would make summary judgment inappropriate here.  Thus, despite the additional round of briefing that has now taken place, summary judgment in defendants' favor remains appropriate for essentially the same reasons it was entered before, quoted *supra* in this order.

## Ruling

After careful consideration, defendants' motion for summary judgment is **GRANTED**.

Dated this 13th day of October, 2009.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

08-1147p014.wpd